UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO GARCIA HINOJO, III,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | Case No. 1:23-cv-00481-JLT-BAM<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION**<br><br>(Doc. 1)<br><br>FOURTEEN-DAY DEADLINE |

### Findings and Recommendations

Plaintiff Francisco Garcia Hinojo, III ("Plaintiff") is proceeding *pro se* with this civil action against Defendants United States of America and the State of California, initiated on March 29, 2023. (Doc. 1.) Plaintiff paid the filing fee on April 13, 2023. However, upon review, the allegations in the complaint appear to be implausible, baseless, and frivolous. Plaintiff's complaint is therefore subject to dismissal.

### ALLEGATIONS

Plaintiff drafted his complaint using the form provided by this Court. (*Id.*) In the section regarding listing the specific federal statutes, federal treaties, and/or provisions of the United States Constitution as issue, Plaintiff listed the following: "18 USC 3056 Influence"; "18 USC 1343 Influence"; and "Title 18 (DHS)." (Doc. 1 at 4.) In the section of the complaint regarding the basis for jurisdiction related to diversity jurisdiction, Plaintiff writes that he is a citizen of

1  "United States of America Sovereign," Defendant United States of America (Government) is a
2  citizen of "Sovereign United States of America" and that Defendant State of California is a
3  corporation incorporated under the laws of "Sovereign United States" and has its principal place
4  of business in the state of "United States of America Government" and is incorporated under the
5  laws of "Federal Government" and has its principal place of business in "Constitution." (Doc. 1
6  at 5.)

   In the statement of claim section, Plaintiff wrote "(Attachments)" and "Medical
   treatment." (*Id.*)  In the section for relief, Plaintiff wrote "Medical related" and "30,000,000,000
   Thirty Billion Dollars (see attachments)." In an attachment, Plaintiff writes:

> This thirty Billion suit is for a Fraud and Health fault I am not responsible for. It's not up to me to get a run around, this suit is between the Government and Privat [sic] or Department of Health & Human Services. The other suit is between the State of California and United States Government or Health Department. All I have is expenses and Health concerns and or Damages. My settlement is to correct all issues done since my visit.

(*Id.* at 7-8.)  Plaintiff further writes:

> The thirty billion dollar suit will be my demand for all fraud and malpractice in which I am not responsible for. Yet, it is not my responsibility to correct or interfere with any other business, institution or establishment that could tort or cause unnecessary impact to anyone outside the case. The other suit with the State of California is between The United States Government and The State of California. I will not interfere in your debates over a personal suit. Any fight you take will be between Department of Health and Human Services and whoever you challenge, my fight is Medical related and Personal Health.

(*Id.* at 9.)

## ANALYSIS

A district court has the inherent authority to dismiss frivolous actions. *Damjanovic v. Ambrose*, 991 F.2d 803 (9th Cir. 1993) (citing *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir.1988)).  "Where a complaint is "obviously frivolous" the district court may dismiss the complaint, even if the plaintiff has paid the filing fee." *Wallace v. Lynch*, No. 2:20-cv-2265 TLN DB PS, 2021 WL 2016620, at *1 (E.D. Cal. May 20, 2021) (citing *Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984)); *see also Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) ("[W]e hold that district courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee, just as the Court of

1  Appeals may dismiss frivolous matters in like circumstances."). This authority extends to suits
2  that lack "an arguable basis either in law or fact." *Baldhosky v. California*, No. 1:14-cv-00166-
3  LJO-MJS (PC), 2018 WL 1407103, at *3 (E.D. Cal. Mar. 21, 2018) (citation omitted).

4  The court concludes that the allegations in the complaint are fanciful, insubstantial, devoid
5  of merit, and frivolous. In this regard, Plaintiff seeks relief of $30,000,000,000.00 for an
6  unspecified "medical related" issue. (Doc. 1 at 5-6.) Plaintiff further cites statutes that appear
7  unrelated to personal medical issues. Significantly, Plaintiff indicates that he intends for the suit
8  to be between the two named Defendants, the United States of America and State of California,
9  and not between himself and the Defendants. (*Id.* at 7-9.)

10  Further, the Court finds the Defendants are immune. It is well-settled that the United
11  States is a sovereign, and, as such, is immune from suit unless it has expressly waived such
12  immunity and consented to be sued." *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985).
13  "The waiver of sovereign immunity is a prerequisite to federal-court jurisdiction." *Tobar v. U.S.*,
14  639 F.3d 1191, 1195 (9th Cir. 2011). If a plaintiff cannot establish that its action against the
15  United States falls within a waiver of sovereign immunity, the action must be dismissed. *See*
16  *Dunn & Black*, P.S. v. U.S., 492 F.3d 1084, 1088 (9th Cir. 2007). "The Federal Tort Claims Act
17  is a limited waiver of sovereign immunity, making the Federal Government liable to the same
18  extent as a private party for certain torts of federal employees acting within the scope of their
19  employment." *United States v. Orleans*, 425 U.S. 807, 813 (1976); *Thomas–Lazear v. FBI*, 851
20  F.2d 1202, 1207 (9th Cir. 1988) ("[T]he United States has not waived its sovereign immunity in
21  actions seeking damages for constitutional violations."). The FTCA requires persons with tort
22  claims against the federal government to file a claim with the appropriate federal agency. 28
23  U.S.C. § 2675(a). No federal action lies until the agency denies the claim or six months have
24  passed, whichever occurs first. 28 U.S.C. § 2675(a). The administrative claim requirement is
25  jurisdictional and must be followed. *See McNeil v. United States*, 508 U.S. 106, 111-12, 113
26  S.Ct. 1980, 1983-84 (1993) (prematurely-filed action a nullity). Based on the allegations, the
27  United States is immune from suit.

28  In addition, the Eleventh Amendment prohibits federal courts from hearing suits brought

against a state both by its own citizens, as well as by citizens of other states. *See Brooks v. Sulphur Springs Valley Elec. Coop.*, 951 F.2d 1050, 1053 (9th Cir. 1991). This prohibition extends to suits against states themselves and to suits against state agencies. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (finding that the action against state agencies, "as currently written, is barred by state immunity"); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (finding that dismissal of a state agency was proper as the agency "clearly was immune from suit under the Eleventh Amendment."). Therefore, California is immune from suit in federal court.

Accordingly, the Court will recommend *sua sponte* dismissal of Plaintiff's frivolous complaint.

**CONCLUSION AND RECOMMENDATION**

For the reasons stated, IT IS HEREBY RECOMMENDED that this action be dismissed as frivolous without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 17, 2023**          /s/ *Barbara A. McAuliffe*
                                                UNITED STATES MAGISTRATE JUDGE